FILED
CLERK
10:29 am, Sep 26, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the Matter of the Complaint of ROBERT
NORDIN, as Owner of a 1991 33-foot Sea Ray
"Enchantress," for Exoneration from or
Limitation of Liability,

                              Petitioner.
------------------------------------------------------------X

ORDER
19-cv-25 (SJF)(AYS)

FEUERSTEIN, J.

        On January 2, 2019, petitioner Robert Nordin ("Nordin" or "petitioner"), as the owner of a 1991, thirty-three (33)-foot Sea Ray "Enchantress" (the "Vessel"), commenced this action pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule F"), for exoneration from or limitation of liability for all claims and/or losses arising out of "an incident concerning the Vessel" while at anchor upon the navigable waters of the United States, in Bellport Harbor in Bellport, New York, on or about August 28, 2018, in which C.C., an infant, claims that he was injured (the "Accident"). (Complaint ["Compl."], ¶ 3).

        On January 3, 2019, this Court entered an order (the "Order Restraining Suits"), *inter alia*, (i) directing (A) that the Clerk of the Court issue a Notice "to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioners a copy thereof, on or before the 19th day of February, 2019, or be defaulted," (Docket Entry ["DE"] 4 at p. 2) (emphasis omitted), and (B) that the Notice be published in the Suffolk Times once a week for four (4) successive weeks before the return date thereof, and copies of the Notice be mailed by petitioner to "every person known to

1

have any claim against the Vessel or Petitioner, or to their attorneys," (*id.* at p. 3); and (ii) restraining, staying and enjoining "the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution [t]hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court . . . against the Petitioner, . . . and/or the Vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid alleged [A]ccident . . . until the hearing and determination of this action. . . ." (*Id.*). On that same date, the Clerk of the Court issued the "Notice of Complaint for Exoneration from or Limitation of Liability" (the "Notice") providing, *inter alia*, (i) that "all persons, firms, entities or corporations, having any claim or suit against Petitioner arising or resulting from the casualty must file a Claim as provided in [Supplemental Rule F], with the Clerk of the Court, . . . and must deliver or mail to the attorneys for the Petitioner, . . . a copy on or before the 19th day of February, 2019 or be defaulted[,]" (DE 5); and (ii) that "any claimant desiring to contest Petitioner's right either to Exoneration from or Limitation of Liability shall file an Answer to the Complaint on or before the aforesaid date as required by Supplemental Rule 'F' . . . and deliver or mail a copy to the attorneys for the Petitioner, or be defaulted." (*Id.*).

      Petitioner served notice of entry of the complaint, the Order Restraining Suits and the Notice upon counsel for C.C., *i.e.*, the only known potential claimant in this action, on or about January 7, 2019. (Declaration of Joseph R. Federici, Esq. ["Federici Decl."], ¶ 6 and Ex. A). In addition, the Notice was published in the Suffolk Times once a week for four (4) weeks, commencing on January 10, 2019. (*Id.*, ¶ 7 and Ex. B). Only C.C., by his mother and natural guardian, filed a claim in this action; C.C.'s father, Jian Ke Chen, did not file a claim. No other claims, answers, or motions with respect to the complaint were filed or received by C.C.'s

counsel in accordance with the Order Restraining Suit and Notice. (*See* Federici Decl., ¶ 9). Pending before the Court is petitioner's unopposed motion pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for entry of a default judgment against Jian Ke Chen and all other potential claimants who have not filed a claim in this action, thereby closing the Monition period and barring all future claims against petitioner and/or the Vessel arising out of the Accident. For the reasons set forth herein, petitioner's motion is granted.

I. BACKGROUND

The complaint alleges that C.C. "claims that he was injured in an incident concerning the Vessel," while it "was at anchor upon the navigable waters of the United States, in Bellport Harbor in Bellport, New York," that occurred on or about August 28, 2018. (Compl., ¶ 3).

On January 2, 2019, petitioner commenced this action pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Supplemental Rule F, for exoneration from or limitation of liability for all claims and/or losses arising out of the Accident.

Pursuant to the Court's Order Restraining Suits and Notice, *inter alia*, all claims or suits against petitioner arising out of the Accident were required to be filed and served in this action on or before February 19, 2019, or would "be defaulted." Petitioner caused the Notice to be published in the Suffolk Times once a week for four (4) weeks, commencing on January 10, 2019, and served the Notice upon counsel for C.C., *i.e.*, the only known potential claimant in this action, in accordance with Supplemental Rule F. (*See* Federici Decl., Ex. A and B).

On January 30, 2019, C.C., by his mother and natural guardian, filed an answer asserting four (4) affirmative defenses and a counterclaim against petitioner seeking, *inter alia*, to recover for personal injuries C.C. allegedly sustained as a result of petitioner's negligence in the

ownership and operation of a jet ski, which was pulling a float on which C.C. was riding around the navigable waters in the Great South Bay when the float "was caused to come into contact with" the Vessel. (Counterclaim ["Cl."], ¶¶ 7-9).

No other claims or answers have been filed in this action to date; nor has any other potential claimant sought leave to file a late claim in this action. Petitioner now moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for entry of a default judgment against Jian Ke Chen and all other potential claimants who have not filed a claim arising out of the Accident in this action. Neither C.C., nor any other potential claimant, has filed an opposition or response to the motion; nor sought an extension of time to do so.

II. DISCUSSION

The procedure for a limitation action is found in Supplemental Rule F, *see Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001), which "was created to implement the Limitation Act." *In re American River Transp. Co.*, 728 F.3d 839, 841 (8th Cir. 2013). "After notice of a limitation complaint is issued either by publication or directly by mail, [Supplemental] Rule F(5) provides the process by which potential claimants must proceed." *Id.* Specifically, Supplemental Rule F(5) provides, in pertinent part:

> "Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer."

Fed. R. Civ. P. Supp. AMC Rule F(5). Thus, although a claimant is not required to file an answer contesting a vessel owner's right to seek exoneration or limitation, he must file a claim in order to preserve his right "to recover from the limitation fund[.]" *In re Columbia Leasing L.L.C.*, 981

F. Supp. 2d 490, 494 (E.D. Va. 2013); *see also In re Beauvois*, No. 2:10-cv- 480-FtM-36SPC, 2010 WL 5055833, at * 2 (M.D. Fla. Dec. 3, 2010) ("Courts have found that Supplemental Rule F(5) requires that a claim be filed first and prior or contemporaneously with an answer being filed. Simply filing an answer is not sufficient because a person who has not presented a claim for damages may not then answer the limitation claim and contest the allegations therein." (citing cases)). "When a potential claimant in a limitation proceeding receives notice that the action has been filed, whether through publication or otherwise, the first pleading which must be filed is the Claim, which may also include an Answer if the claimant desires to contest the right to exoneration or limitation." *In re Beauvois*, 2010 WL 5055833, at * 2.

In light of petitioner's compliance with all of the requirements of Supplemental Rule F, and the failure of any other potential claimant, except C.C., by his mother and natural guardian, to file a claim against petitioner in this action as required by Supplemental Rule F(5), petitioner is entitled to entry of a default judgment in this action against all other potential claimants. *See Matter of Complaint of Wild Florida Airboats, LLC*, No. 6:16-cv-2207-Orl-31GJK, 2017 WL 3891777, at * 3 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017) ("[I]n cases under [Supplemental Rule F], default judgment will be entered against any potential claimant who has failed to respond to notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with the rules and is: 1) sent to every person known to have made any claim against the vessel at issue; and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims."); *accord In re Narod*, No. 13-cv-554, 2013 WL 3491088, at *3 (E.D.N.Y. July 10, 2013); *see, e.g. Matter of S&W Marine, Inc.*, No. 16-cv-17645, 2017 WL 2955358, at * 1 (E.D. La. Mar. 6, 2017); *In re X-Treme Parasail, Inc.*, No. 10-

cv-00711, 2011 WL 4572448, at * 2 (D. Haw. Sept. 12, 2011), *report and recommendation adopted*, 2011 WL 4573803 (D. Haw. Sept. 29, 2011). Accordingly, petitioner's motion pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for entry of a default judgment against Jian Ke Chen and all other potential claimants who have not filed a claim in this action by February 19, 2019, thereby closing the Monition period and barring all future claims against petitioner arising out of the Accident, is granted.

III.  CONCLUSION

For the foregoing reasons, petitioner's motion pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for entry of a default judgment against all potential claimants in this action, except C.C., by his mother and natural guardian, is granted and a default judgment is entered against Jian Ke Chen and any other person and/or entity with any claim for injury, damage and/or loss arising out of the Accident who has not filed a claim in this action by February 19, 2019, and all such persons and entities are hereby barred from filing any claims in this or any other proceeding arising out of the Accident, with prejudice.

SO ORDERED.

   /s/ *Sandra J. Feuerstein*
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 26, 2019
      Central Islip, New York